Adkins v. Morgan Stanley

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July, two thousand sixteen.

PRESENT: DENNIS JACOBS,
　　　　　REENA RAGGI,
　　　　　DENNY CHIN,
　　　　　　　　　　Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
BEVERLY ADKINS, CHARMAINE WILLIAMS,
REBECCA PETTWAY, RUBBIE MCCOY, and
WILLIAM YOUNG, on behalf of
themselves and all others similarly
situated, and MICHIGAN LEGAL
SERVICES,
　　　　　Plaintiffs-Appellants,

　　　　　-v.-　　　　　　　　　　　　　　15-2398

MORGAN STANLEY, MORGAN STANLEY & CO.
LLC, MORGAN STANLEY ABS CAPITAL I
INC., MORGAN STANLEY MORTGAGE CAPITAL
INC., and MORGAN STANLEY MORTGAGE
CAPITAL HOLDINGS LLC,
　　　　　Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANTS:** RACHEL E. GOODMAN (with Dennis D. Parker on the brief), American Civil Liberties Union Foundation, New York, NY,

Stuart T. Rossman, on the brief, The National Consumer Law Center, Boston, MA,

Elizabeth J. Cabraser, on the brief, Lieff Cabraser Heimann & Bernstein, LLP, San Francisco, CA; Rachel J. Geman, on the brief, Lieff Cabraser Heimann & Bernstein, LLP, New York, NY.

**FOR APPELLEES:** NOAH A. LEVINE (with Colin T. Reardon and John Paredes on the brief), Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY; David W. Ogden and Jonathan A. Bressler, on the brief, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, DC.

Appeal from an order of the United States District Court for the Southern District of New York (Caproni, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED.**

The plaintiffs, a putative class of African-American homeowners in the Detroit area, appeal from an order of the United States District Court for the Southern District of New York (Caproni, <u>J.</u>), denying class certification. The plaintiffs allege a disparate impact under the Fair Housing Act ("FHA"), 42 U.S.C. § 3605, by certain alleged policies and practices of defendants Morgan Stanley, Morgan Stanley & Co. LLC, Morgan Stanley ABS Capital I Inc., Morgan Stanley Mortgage Capital Inc., and Morgan Stanley Mortgage Capital Holdings LLC (collectively "Morgan Stanley"). Specifically, the plaintiffs allege that Morgan Stanley's purchases of home loans from New Century induced New Century to make costly, high-risk loans to the class at a higher rate than comparable white borrowers. We assume the parties'

familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. We review a district court's class certification determination for abuse of discretion. See Johnson v. Nextel Commc'ns, 780 F.3d 128, 137 (2d Cir. 2015). Under that standard, review of legal conclusions is de novo, while factual findings are reviewed for whether they are clearly erroneous. Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010). "In reviewing findings for clear error," we will not "second-guess . . . the trial court's . . . choice between permissible competing inferences." Arch Ins. v. Precision Stone, Inc., 584 F.3d 33, 39 (2d Cir. 2009) (internal quotation marks omitted). "Inherent in this deferential standard of review is a recognition of the district court's inherent power to manage and control pending litigation." Johnson, 780 F.3d at 137 (internal quotation marks omitted).

2. The district court here concluded that the plaintiffs failed to satisfy the typicality requirement of Fed. R. Civ. P. 23(a)(3), as well as the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3). With respect to predominance, the district court concluded that common issues do not predominate over individual issues because, among other things, (1) within the proposed class there are 33 different combinations of risk factors, each of which affected the plaintiffs' loans differently and would thus require individual proof to establish a particular combination's harmfulness;[1] and (2) causation is not subject to class-wide proof because the extent to which Morgan Stanley caused the loans that the plaintiffs received would depend on the risk factors present and Morgan Stanley's involvement in each particular loan. See Myers, 624 F.3d at 547 (explaining that predominance requirement is satisfied "if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the

---

[1] The risk factors include (1) stated income where the income of the borrower was not verified; (2) debt-to-income ratio exceeding 55%; (3) the loan-to-value ratio exceeding 90%; (4) adjustable interest rates; (5) "interest only" payment features; (6) negative loan amortization features; (7) "balloon" payment features; and (8) prepayment penalties.

issues subject only to individual proof" (internal quotation marks omitted)).

On appeal, the plaintiffs do not meaningfully challenge the conclusion that common questions do not predominate over individual issues. In any event, we identify no abuse of discretion in the district court's predominance conclusion. Thus, we need not consider the plaintiffs' challenges to the district court's typicality and superiority determinations. See id. at 548 (concluding, where district court denied class certification on basis of typicality, commonality, and predominance, that "[w]e need only address the 'predominance' requirement"); see also Fed. R. Civ. P. 23(b)(3) (requiring finding that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" (emphasis added)).

3. The plaintiffs argue that the district court did not consider certification of issue classes or its proposed alternative class. However, the plaintiffs did not move for certification of issue classes and did not propose an alternative class until oral argument before the district court.

While the district court "is empowered under Rule 23(c)(4) to carve out an appropriate class," it is "not obligated to implement Rule 23(c)(4) on its own initiative." Lundquist v. Security Pac. Auto. Fin. Servs. Corp., 993 F.2d 11, 14 (2d Cir. 1993); see also U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 408 (1980).

The plaintiffs' proposed alternative class is to limit the class to only those borrowers whose loans Morgan Stanley actually purchased.[2] The district court ruled that permitting the plaintiffs to change their theory at a late stage would "unfairly prejudice" the defendants. Adkins v.

---

[2] The current class definition includes all loans originated by New Century to African-American homeowners in the Detroit area, regardless of whether Morgan Stanley actually purchased that loan. Indeed, only one of the five named plaintiff has a loan that was purchased by Morgan Stanley.

4

Morgan Stanley, 307 F.R.D. 119, 147-48 (S.D.N.Y. 2015). We agree. The district court further ruled that, even if the alternative class had been timely proposed, the class still could not overcome the problems with the risk factors as used in the original class definition: the class would still include individuals whose loans had vastly different features from one another. Accordingly, the district court did not abuse its discretion in failing to certify the proposed alternative class.

For the foregoing reasons, and finding no merit in the plaintiff's other arguments, we hereby **AFFIRM** the order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK